IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICHARD CONYERS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 5:21-CV-317-MTT-CHW |
| VS. | : | |
| | : | |
| **WARDEN TRACY JEFFERSON,** | : | |
| *et al.*, | : | |
| | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants.** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

_____

**ORDER**

*Pro se* Plaintiff Richard Conyers, a prisoner at Central State Prison in Macon, Georgia, filed a 42 U.S.C. § 1983 claim. ECF No. 1. He has moved to proceed *in forma pauperis*. ECF No. 2. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, Plaintiff is **ORDERED** to recast his complaint as explained below.

**I.  REQUEST TO PROCEED *IN FORMA PAUPERIS* ("IFP")**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears he is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in

the account, the court must assess an initial partial filing fee based on the assets available.

Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a copy of this Order to Central State Prison.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of

6

monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." The Court's initial review reveals that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."

Plaintiff's complaint is a lengthy, rambling collection of allegations about seemingly unrelated events. Plaintiff has named several Defendants including several

Wardens and Deputy Wardens[1] at Central State Prison. In short, his pleading is a typical shotgun pleading. The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). Plaintiff's original complaint is a shotgun pleading because it asserts multiple, seemingly unrelated claims against numerous defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants each claim is brought against. *Id*. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010).

Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). Moreover, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)

---

[1] Plaintiff is advised that he cannot simply name supervisors such as Wardens based solely on their supervisory roles. Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Wardens and Commissioners are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010).

(holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Plaintiff is now required to submit an amended complaint. Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments, and all amended complaints. In other words, the Court will not refer back to the original complaint to see if Plaintiff has stated viable claims. Plaintiff must include all related claims that he seeks to raise in this recast complaint.

Plaintiff may not join unrelated claims and defendants in a single action. Plaintiffs may join Defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-

6

(B).  "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims.  *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).  For there to be a "logical relationship," the claims must "arise from common operative facts."  *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.[2]  It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)  *What* did this defendant do (or not do) to violate your rights?  In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?  Is he a supervisory official? Was the defendant personally involved in the constitutional violation?  If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2)  *When* and *where* did each action occur (to the extent memory allows)?

(3)  *How* were you injured as a result of this defendant's actions or decisions?  If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population.  If you have been physically injured, explain the extent of your

---

[2] Plaintiff must keep in mind that he may include only related claims.  If the Plaintiff wishes to pursue unrelated events at different facilities then he is advised that these would be separate actions that must be filed in separate Complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above Civil Action number.

>   injuries and any medical care requested or provided.
>
> (4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?
>
> (5) *What* did this defendant do (or not do) in response to this knowledge?
>
> (6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. ***The complaint must be no longer than ten (10) pages.***

Plaintiff is **ORDERED** to file his amended complaint within **FOURTEEN (14) DAYS** from the date shown on this Order. Plaintiff is cautioned that failure to file the amended complaint on time or failure to follow these instructions will result in dismissal of his complaint. Fed. R Civ. P. 41(b). It is **DIRECTED** that the Clerk of Court forward to Plaintiff a § 1983 form (with the civil action number on it) along with a copy of this Order.

So **ORDERED and DIRECTED**, this 10th day of September, 2021.

> s/ Charles H. Weigle
> Charles H. Weigle
> United States Magistrate Judge