IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICHARD CONYERS,** | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:21-CV-317-MTT-CHW |
| VS. | : | |
| | : | |
| **WARDEN JEFFERSON,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

*Pro se* Plaintiff Richard Conyers, a previous prisoner at Central State Prison in Macon, Georgia, filed a 42 U.S.C. § 1983 claim. ECF No. 1. On September 10, 2021, the Court conducted a preliminary review of Plaintiff's complaint. ECF No. 4. The United States Magistrate Judge found that the Plaintiff failed to "comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint … to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.'" *Id*. at 3. More specifically, Plaintiff was notified that his complaint was "a shotgun pleading because it asserts multiple, seemingly unrelated claims against numerous defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants each claim is brought against." *Id*. at 4. He was further advised that the "Eleventh Circuit has… established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg*

*Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002)". *Id.*

Rather than recommending dismissal of the civil action, the Magistrate Judge afforded the Plaintiff an opportunity to amend his complaint. *Id.* at 5. Plaintiff was explicitly instructed that the "recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit". *Id.* at 6. Plaintiff was further directed that the "complaint must be no longer than ten (10) pages". *Id.* at 7. Lastly, Plaintiff was unambiguously advised that in recasting his complaint, he "must keep in mind that he may include only related claims" and that if he "wishes to pursue unrelated events at different facilities then … these would be separate actions that must be filed in separate Complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above Civil Action number". *Id.* at 6.

On December 13, 2021, after much delay, the Plaintiff submitted his recast complaint. ECF No. 8. In this recast complaint, Plaintiff did not follow the Court's previous instructions in that he listed only the Department of Corrections in the heading of the complaint but complained about several prison personnel as Defendants in the body of his complaint. *Id.* at 1. Moreover, he filed more than the ten pages that he was allowed. *See id.*

However, more disconcerting to the Court is that Plaintiff has filed yet another shotgun pleading. The Plaintiff, after specifically being instructed not to do so, still seeks to join numerous, seemingly unrelated claims (conditions of confinement, loss of personal

property, loss of privileges, gender discrimination, retaliation by individuals at a wholly separate prison, etc.).[1]  *Id*.  Additionally, Plaintiff fails to delineate the conduct and constitutional violations attributable to each Defendant and he fails to connect the Defendants to any of these unrelated claims by anything more than conclusory allegations.  *See id*.  This Court acknowledges that the Federal Rules of Civil Procedure ("Rules") do not require much of a *pro se* plaintiff at the pleading stage.  The Rules do, however, require the plaintiff to establish sufficient facts in his complaint to apprise the opposing party of the charges against it.  *See Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973)[2] (stating that the complaint must give fair notice of plaintiff's claims).

Plaintiff's recast complaint is a quintessential "shotgun" pleading of the kind repeatedly condemned by the Eleventh Circuit.  *See, e.g., PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  "Shotgun pleadings wreak havoc on the judicial system."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)(citing *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001)).  "Experience teaches

---

[1] Plaintiff further compounds his shotgun complaint by filing an additional pleading in which he attempts to assert a separate procedural due process violation because his transfer out of Central State Prison was without a hearing and it has "caused [him] more pain and suffering and experiencing similar problems [he] went through at Central".  ECF No. 10 at 1.

[2] Opinions of the Fifth Circuit issued prior to October 1, 1981, the date marking the creation of the Eleventh Circuit, are binding precedent on this Court.  *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

3

that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the courts ability to administer justice." *Anderson*, 77 F.3d at 367.

Given the myriad deficiencies in Plaintiff's complaint and Plaintiff's failure to obey Court orders[3], dismissal without prejudice (and without effect on the statute of limitations) is appropriate in this case. Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED,** this 15th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").